KAREN LECRAFT HENDERSON, Circuit Judge,
concurring.
The majority is correct that “[u]ntil now we have had no occasion to say what standard of review applies to a district court’s determination of whether it accepted a plea.” Maj. op. 907-08. Nor have we occasion now. Whether we review the court’s decision here de novo, as the majority proposes, or for abuse of discretion, as we have reviewed withdrawal denials in the past, see United States v. West, 392 F.3d 450, 455 (D.C.Cir.2004) (“We review refusals of motions to withdraw for abuse of discretion.”), we reach the same result because the district court’s determination that “the Court did accept the defendant’s guilty plea” at the June hearing, 9/7/05 Hearing Tr. 4, is neither incorrect as a matter of law nor an abuse of discretion. Thus, we have no need to choose between the two standards to decide the case before us. Further, whether or not we should review de novo the district court’s legal disposition of a motion to withdraw under Rule 11(d)(1) (rather than for abuse of discretion as for a withdrawal determination under Rule 11(d)(2)), I disagree with the majority’s suggestion that our review of the judge’s factual findings is somehow less deferential because we are “reviewing the district court’s interpreta *910 tion of its own words” as memorialized in a verbatim transcript. See maj. op. 908. We routinely review transcripts of judicial hearings and, in this case, the trial judge’s finding was based on his interpretation of the entire transcript of the Rule 11 colloquy, including not only his own words but, significantly, also those of defense counsel who, as the majority notes, “twice asked the court to accept the plea agreement contemporaneously with the plea itself.” Id. 8.